UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Julie Mount,

    Plaintiff,

v.

Carolyn W. Colvin, Acting
Commissioner of Social Security,

    Defendant.

Case No. 2:12–cv–943

Judge Michael H. Watson

Magistrate Judge King

## OPINION AND ORDER

Julie Mount ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). The Magistrate Judge issued a Report and Recommendation ("R&R"), ECF No. 21, recommending that the Court affirm the Commissioner's decision. Plaintiff filed Objections to the R&R. ECF No. 22. For the following reasons, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the R&R, and **AFFIRMS** the Commissioner's decision.

## I. BACKGROUND

Plaintiff applied for benefits on September 11, 2008, alleging that she has been disabled since September 1, 2008. See Administrative Record, PAGEID # 152-56, ECF No. 11-5. The Administrative Law Judge ("ALJ") found that Plaintiff's severe impairments include lower back pain; anxiety; depression;

borderline intellectual functioning; attention deficit hyperactivity disorder; and learning disorder. See ALJ Decision, PAGEID # 64, ECF No. 11-2.[1] But the ALJ determined that Plaintiff's impairments did not meet or equal a listed impairment, including Listing 12.05(C), which addresses intellectual disability. Id. at PAGEID # 65-67. She specifically found that "the record as a whole does not indicate the type of deficits in adaptive functioning contemplated by Listing 12.05." Id. at PAGEID # 67. The Commissioner ultimately adopted the ALJ's determination, and Plaintiff filed the present action challenging the Commissioner's decision.

On June 13, 2013, the Magistrate Judge recommended that the Court affirm the Commissioner's decision, finding that substantial evidence supports the ALJ's finding that Plaintiff did not meet or equal the requirements of Listing 12.05(C). See R&R 22, ECF No. 21. Plaintiff objects on two grounds: (1) the Magistrate Judge should have found that Plaintiff meets the requirements of 12.05(C), including deficits in adaptive functioning; and (2) the ALJ should have given the treating physician's assessment controlling weight.[2]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), the Court reviews Plaintiff's Objections to the R&R de novo. The Court may accept, reject, or alter the Magistrate Judge's recommendation. See 28 U.S.C. § 636(b)(1). Within the Social Security context,

---

[1] The R&R provides a detailed overview of the relevant medical records and the evidence offered at the administrative hearing. R&R 3-9, ECF No. 21.

[2] Although the ALJ also addressed and dismissed Plaintiff's claims under Listings 12.04, 12.06, and 1.04, the Court does not address those Listings because Plaintiff has not raised an objection to their dismissal.

the Court reviews whether substantial evidence supports the Commissioner's decisions and whether the Commissioner made his or her decision pursuant to the applicable standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).

### III. ANALYSIS

### A. 12.05(C) Adaptive Functioning Objection

In finding that Plaintiff was not disabled, the ALJ followed the five-step evaluation process outlined in 20 C.F.R. §§ 404.1520 and 416.920. She found that although Plaintiff has not engaged in substantial gainful activity and has severe impairments, her impairments do not meet or equal the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. ALJ Decision, PAGEID # 66, ECF No. 11-2. She specifically found that Plaintiff does not meet or equal the requirements for an intellectual disability as described in Listing 12.05(C).[3] *Id.*

---

[3] Listing 12.05 states in relevant part:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function . . . .

In affirming the ALJ's decision, the Magistrate Judge found that Plaintiff's disabilities do not meet a listed impairment, including 12.05(C). *See* R&R 12, ECF 21. To satisfy the requirements of Listing 12.05(C), a claimant must demonstrate: (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning;" (2) a "valid verbal, performance, or full scale IQ of 60 through 70;" and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05(C). The Magistrate Judge specifically found that Plaintiff's borderline intellectual functioning does not meet or equal Listing 12.05(C) because Plaintiff does not have "the type of deficits in adaptive functioning contemplated by listing 12.05." R&R 16, ECF 21.

Although 12.05 does not define "adaptive functioning," Listing 12.00 defines "adaptive activities" as "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for [] grooming and hygiene, using telephones and directories, and using a post office." 20 CFR Pt. 404, Subpt. P, App. 1 § 12.00(C)(1). The Sixth Circuit has stated that "[a]daptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills." *West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 698 (6th Cir. 2007) (citing *Heller v. Doe by Doe*, 509 U.S. 312, 329 (1993)). The Sixth Circuit has also noted that "[t]he American Psychiatric Association defines adaptive-skills limitations as '[c]oncurrent deficits

---

20 C.F.R. Pt. 404, Subpt. P, App. 1

or impairments . . . in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 677 (6th Cir. 2009) (quoting DSM–IV–TR at 49).

Listing 12.05 does not state how severe the limitations must be in order to qualify as "deficits in adaptive functioning." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. But this Court has determined that "a claimant must have relatively significant deficits to satisfy the Listing." *Robinson v. Comm'r of Soc. Sec.*, 2014 WL 3419309, at *8 (S.D. Ohio July 10, 2014); *see also West*, 240 F. App'x at 698 (6th Cir. 2007) (suggesting that a claimant's ability to understand and retain simple instructions; maintain concentration and attention for basic tasks; interact effectively with co-workers; and deal with work stress all supported a finding of no deficiencies in adaptive functioning); *Harris v. Comm'r of Soc. Sec.*, 330 F. App'x 813, 815–16 (11th Cir. 2009) (claimant who did well in special education classes; was able to perform several jobs; and who had mild limitations in daily living activities, social functioning, and concentration did not have the type of deficits in adaptive functioning required for Listing 12.05(C)).

In the present case, Plaintiff asserts that she had deficits in academic skills, social skills, and work skills, which demonstrates deficits in adaptive functioning. But the Magistrate Judge did not ignore Plaintiff's deficits in these areas. Rather, the Magistrate Judge noted that "although plaintiff was enrolled in

special education classes in school and had difficulty reading and spelling, she graduated from high school in May 2006 without failing any classes, performed 'well' in her career center classes, had positive teacher reviews, and played on the basketball team." R&R 16, ECF 21. Regarding social skills, the Magistrate Judge addressed the fact that Plaintiff takes care of her husband and two children and has two "really supportive" friends. See *id.* at 16-17. In addition, the Magistrate Judge that Plaintiff has "past relevant work as a sales associate" but "has not engaged in substantial gainful activity since . . . September 1, 2008." *Id.* at 2.

The Magistrate Judge considered the totality of the evidence. Specifically, she determined that Plaintiff "is able to manage normal activities of normal living," which is evidenced by the fact that she completes "household chores, weeds her garden, takes care of her two children and her personal hygiene, drives three to four times per week, takes her children to a lake 20 minutes away nearly every day in the summer, and goes grocery shopping." *Id.* at 16. The Magistrate Judge fully analyzed the 12.05(C) criteria and correctly found that Plaintiff does not meet those requirements.

Upon *de novo* review, the Court finds that Plaintiff does not meet the qualifications under the Listing because of insufficient evidence of deficits in adaptive functioning. Accordingly, the Court holds that substantial evidence supports the ALJ's determination.

## B. Treating Physician Objection

Plaintiff's remaining objection, that treating physician Dr. Roylance's assessment should have been given controlling weight, lacks merit.  The Code of Federal Regulations explains that the opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  Hence, the treating physician's opinion must satisfy those two conditions before it receives controlling weight.

Dr. Roylance treated Plaintiff four times from March 2010 and June 2010. *See* Medical Records, PAGEID # 641-650, ECF 11-7.  Dr. Roylance found that Plaintiff was extremely limited in six areas, markedly limited in eight areas, moderately limited in one area, and had no limitation in one area of functioning. *See id.* at PAGEID # 663-64.  But "the record also reveals that the claimant often times [has] been observed by treating providers to have normal insight, normal concentration, a normal or bright and reactive affect, logical thought process, cooperative or pleasant demeanor, fair insight and judgment, and/or good/appropriate mood." ALJ Decision, PAGEID # 69, ECF 11-2.

As explained in the R&R, "[Dr. Roylance's opinion is] inconsistent with the treatment records as a whole . . . [and] inconsistent with her activities of daily living and level of adaptive functioning." R&R 18-19, ECF No. 21 (quoting ALJ Decision, PAGEID # 69, ECF 11-2).  The ALJ correctly found that the treating

physician's report is inconsistent with other evidence in the record. The law does not require that the opinion of the treating physician to be given controlling weight under these circumstances.

## IV. CONCLUSION

Having performed a *de novo* review of the R&R, the Court finds there is insufficient evidence to indicate that the Plaintiff has deficiencies in adaptive functioning, as necessary under Listing 12.05(C). The Court **ADOPTS** the findings of the R&R. Accordingly, the Court **OVERRULES** Plaintiff's Objections, ECF No. 22, and **AFFIRMS** the Commissioner's decision. The Clerk shall enter judgment for Defendant and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**